Judge Owsley
delivered the opinion of the court
conflicting ■ This is a Contest for land under adverse claims.
Bowmar, holding under the junior patent, asserts the superior equity under the following entry:
t '■‘■March 14; 1783 — Robert Sanders, assignee, &c. enters 3000 acres of land, beginning at a corner which an old line leads to from the road which leads from the stamping ground to Leestown, where there is HM cut on a tree where the line crosses said road, about a half mile below the first branch below the stamping ground; thence S. 20, W. 800 poles; thence S. 70, E. at right angles for quantity.”
This entry was surveyed, beginning at the south west corner of Hugh Mercer’s military survey, and extending from thence in strict conformity to the other calls of the entry.
If, therefore, Hugh Mercer’s corner forms Sanders’ beginning, and the entry of Senders contains such precise description as would have conducted a subsequent adventurer with certainty to the corner, the court below did right, in decreeing the heirs of M’Cracksn to surrender their title to Bowmar.
*138 The survey of Mercer was made in 1774, and thefé Was within its limits when Sanders’ entry was made, a stamping ground, from which a road then lead to Lees-town, and at the distance of about one half mile below the first branch from the stamping ground, at a tree marked HM, a line of the survey crossed the road leading to the south west corner. From the perfect accordance between the objects proven and delineated upon the connected plat, and those called for in the entry, there is no doubt but the locator intended some corner to which the line of Mercer passing the tree HM lead, to be the beginning of Sanders’ entry.
But it is contended the calls of the entry are deceptive, in not describing with more precision the corner intended, for it is urged that when an adventurer in search of the vacant residuum should arrive at the HM tree, he would have no means of assertaining whether the north or south line would conduct him to the beginning.
That the- locator intended the south and not the north line should conduct an enquirer to the beginning of ban-tiers’, .although the entry contains no such express call, we apprehend there is but little room to doubt.
The calls to begin at a corner to which the line from the marked tree conducted, and to run from thenc-e a described course, indicate strongly an intention to appropriate land more remote from the marked tree than the beginning, and as by pursuing the north line to a corner, such an appropriation could noj; be made, it is obvious the maker of the entry intended the beginning should be found by following the south line.
Bat, if the' south line is considered as leading to the beginning, it is contended that there are upon that line, between the marked tree and Mercer’s corner, two other corners, one or the other of which, as they both equally, if not better, fit the calls of the entry than* Mercer’s corner, it is urged should form the beginning of Sanders’.
Vvith respect to the buckeye and ash corner, it may be remarked, that although some of the witnesses whose depositions have been taken in this cause, in giving their opinion from the appearance of the marks, suppose them to have been made before the date of banders’ entry, yet those trees are satisfactorily proven to be the corner of Bealie, whose survey appears from the record to have been subsequently made.
*139 The evidence in relation to the other buckeye corner, we are also of opinion, cannot effect the claim of Bowmar to the land in contest. If proven to be marked as a cor-per, it might be a question, whether it could be considered either as the one intended by the locator, or in any wise calculated to deceive an enquirer? From the evidence, it is perfectly clear that, if marked as a corner, it was merely an idle or experimental one, without any corresponding lines; and if so, can the locator of Sanders’ entry have' intended it for his beginning? or could an enquirer, in giving an honest exposition to the entry, have so understood it? or would he, in pursuing the line of Mercer in searc'b of the beginning, be embarrassed by meeting with a tree marked with three or four chops on two sides, without corresponding lines leading from it?
Whatever might be the effect of such a corner, if it existed when Sanders’ entry was made, need not, however, be decided, as we are of opinion the evidence is insufficient to ghew the buckeye was then marked as a corner.
The only evidence conducing to show it was then marked, is the impressions of witnesses, (unexperienced in such calculations,) produced by the appearance of tlie marks; but as there is a contrariety of evidence of that character, and as that description of evidence is shewn to be fallacious in relation to the other buckeye and ash corner, we are induced to reject the evidence as insufficient.
if, then, the evidence in relation to those two corners is disregarded, there can be no question hut that the locator intended Mercer’s south west corner to be the beginning of Sanders’, and that a subsequent adventurer, when at the marked tree HM, and pursuing the old line, could have met with no difficulty in finding the beginning, and when found, could not have entertained a reasonable doubt as to the land embraced by the entry.
We have thus considered the entry ,of Sanders as affording precise description to an inquirer at the marked tree HM, and this we have done, because w7e supposed no previous difficulty would possibly occur to such a person setting out at Lecompt’s stamping ground, a place proven to have been known to the generality of those conversant in its vicinity at the date of the entry, and from which, according to the order of description contained in the entry, it would seem most natural for an adventurer to commence, his researches.
*140 But if, as was contended in argument, the adventurer should, in consequence of the great notoriety of Leestown, commence his inquiry there, still we should suppose, that by the exercise of proper diligence, the beginning of Sanders might have been found. He might, it is true, have been informed that a large stamping ground, not more than between two and three miles from Leestown, on the road to Lecompt’s stamping ground, would be found, and on travelling the road he might, perhaps, not very remote from the first branch below the large stamping ground, pass an old line, but as no, such a marked tree as is called for in the entry, could have been found, if would be imposing but a reasonable portion-*¡1' diligence, to require of the adventurer a continuance of his researches to the other stamping ground; but before he would arrive there, as we have before seen, lie would find the marked tree HM, upon an old line, and in every other respect corresponding with the calls of the entry.
Under, these circumstances, therefore, we can but accord with the court below, in decreeing the appellants to surrender their elder title to the appellees.
The decree must be affirmed with cost.